RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 23a0251p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

BRIAN AMES,

               *Plaintiff-Appellant*,

   *v.*

FRANK LAROSE,

               *Defendant-Appellee*.

No. 23-3178

---

Appeal from the United States District Court for the Southern District of Ohio at Columbus.
No. 2:22-cv-02085—Sarah Daggett Morrison, District Judge.

Argued: October 19, 2023

Decided and Filed: November 20, 2023

Before: BATCHELDER, GRIFFIN, and BLOOMEKATZ, Circuit Judges.

---

## COUNSEL

**ARGUED:** Matthew Miller-Novak, BARRON, PECK, BENNIE & SCHLEMMER, CO. LPA, Cincinnati, Ohio, for Appellant. Andrew D. McCartney, OFFICE OF THE OHIO ATTORNEY GENERAL, Columbus, Ohio, for Appellee. **ON BRIEF:** Matthew Miller-Novak, BARRON, PECK, BENNIE & SCHLEMMER, CO. LPA, Cincinnati, Ohio, Robert L. Thompson, THOMPSON LEGAL LLC, Louisville, Kentucky, for Appellant. Andrew D. McCartney, Michael A. Walton, Phillip T. Kelly, OFFICE OF THE OHIO ATTORNEY GENERAL, Columbus, Ohio, for Appellee.

---

## OPINION

---

BLOOMEKATZ, Circuit Judge. Brian Ames, a member of the Ohio Republican Party (ORP), challenges the constitutionality of Ohio Revised Code § 3517.03, the law governing how

Ohio's political parties select their central committee membership. Ames contends that § 3517.03 contains two unconstitutional provisions: (1) a requirement that political parties elect one man and one woman from each central committee district; and (2) a requirement that central committee members serve terms of either two or four years. The district court concluded that Ames lacked standing and dismissed his claims. We agree. Independent of the statute, the ORP's internal rules contain an identical gender provision and a compatible two-year term-length provision. Ames does not challenge the ORP's ability to maintain those internal rules, nor does he present any allegation or evidence that the ORP would change its internal practices in the absence of § 3517.03. It follows that Ames fails to allege a redressable injury, and we therefore affirm the district court's order dismissing the case for lack of jurisdiction.

## I. Background

Ohio requires that political parties elect a central committee composed of various party members throughout the state. Ohio Rev. Code § 3517.01, *et seq*. Relevant here, § 3517.03 establishes rules for the gender composition and the term length of the central committee members. It states:

> [1] The controlling committees of each major political party or organization shall be a state central committee consisting of two members, one a man and one a woman, representing either each congressional district in the state or each senatorial district in the state . . . [2] All members of such committees shall be members of the party and shall be elected for terms of either two or four years, as determined by party rules . . . .

Ohio Rev. Code § 3517.03 (numbers added for reference).

Ames is a member of the ORP who resides in Portage County, Ohio. At the time he initiated this action, Ames was the male representative of the 32nd District on the ORP Central Committee. Although he no longer serves on the ORP Central Committee, Ames alleges that he intends to run in the future. According to Ames's complaint, § 3517.03 harms him in several ways. First, Ames claims that both the gender and term-length provisions violate his associational rights by interfering with party members' ability to self-govern and freely choose their leadership. If party members want to elect central committee representatives to lead their party for non-compliant term lengths or elect two men or two women from each district, Ames

asserts that they have a First Amendment right to do so.  Second, Ames argues that the statute improperly restricts his ability to run for both central committee positions in his district and requires him to vote for candidates based on their gender in violation of the Fourteenth Amendment's Equal Protection and Due Process Clauses.

The State mounted a factual attack on Ames's ability to demonstrate standing in a Federal Rule of Civil Procedure 12(b)(1) motion, so the district court properly considered evidence outside the pleadings to resolve the jurisdictional question.  *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003); *see Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).  Ames did not submit any evidence to support the presence of standing.  The State offered the existing internal ORP rules, which mirror § 3517.03 in prescribing a gender rule and a term-length rule.  Specifically, Article I, Section 1 of the ORP bylaws dictates:

> [1] The controlling committee of the Ohio Republican Party (the "ORP"), the Republican State Central Committee, shall consist of two members, one man and one woman, representing each senatorial district in the state.  [2] All members of the committee must be members of the Republican Party and shall be elected for terms of two years, by direct vote at the primary held in an even-numbered year.

The district court pointed to these bylaws to conclude that Ames lacked standing.  It identified the ORP's bylaws—not the statute—as the cause of Ames's injuries.  And, because Ames did not allege that the ORP would change either rule if the court invalidated § 3517.03, the court concluded that Ames had not stated a claim for a redressable injury, depriving it of jurisdiction and requiring dismissal under Rule 12(b)(1).  **[R. 33, PageID 310.]**  Ames timely appealed this ruling.

## II.  Analysis

We review de novo the district court's decision to dismiss for lack of standing under Rule 12(b)(1).  *Hamdi ex rel. Hamdi v. Napolitano*, 620 F.3d 615, 619 (6th Cir. 2010).

Standing is a jurisdictional requirement, meaning a federal court cannot adjudicate a case in its absence.  *Tenn. Gen. Assembly v. U.S. Dep't of State*, 931 F.3d 499, 507 (6th Cir. 2019).  As the party invoking federal jurisdiction, Ames bears the burden of establishing the "irreducible constitutional minimum" of standing: (1) an injury in fact, (2) fairly traceable to § 3517.03,

(3) that a judicial decision could redress. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). Because our ability to redress Ames's alleged injuries depends on the actions of the ORP, Ames faces a "substantially more difficult" task establishing standing. *Schickel v. Dilger*, 925 F.3d 858, 866 (6th Cir. 2019) (citing *Lujan*, 504 U.S. at 562). The difficulty arises because the ORP's bylaws inflict the same harm Ames says § 3517.03 imposes. Because we cannot speculate on how the ORP will act if we rule in Ames' favor, Ames must present facts showing that the ORP's "choices have been or will be made in such a manner as to . . . permit redressability" of his injuries. *Id*. Accordingly, our standing analysis hinges on Ames's ability to show that the ORP would change its bylaws if we were to strike down § 3517.03. *Id.*; *see also ASARCO Inc. v. Kadish*, 490 U.S. 605, 615 (1989).

Even if we assume Ames has satisfied the other standing elements, he has not shown a likelihood that striking down § 3517.03 would redress his alleged injury. *See Nader v. Blackwell*, 545 F.3d 459, 471 (6th Cir. 2008); *see also Marshall v. Meadows*, 105 F.3d 904, 906 (4th Cir. 1997) ("We need not decide whether the plaintiffs satisfied the injury component of the standing analysis because it is unquestionably clear that the plaintiffs failed to satisfy the latter two components, causation and redressability.") (footnote omitted). Ames identifies the gender and term-length statutory restrictions as the cause of his injury, but he does not challenge the ORP's internal rules mandating the same. *See, e.g.*, *Smith v. Allwright*, 321 U.S. 649, 664–65 (1944) (providing that party members can sue political parties for their internal rules if they culminate in voting discrimination). And he neither alleges nor produces evidence demonstrating any likelihood that without those statutory provisions the ORP would change its corresponding internal rules, thereby remedying his injury. To the contrary, Ames argues that central committee administration is a matter of internal party governance, entirely outside the purview of state law. Further, Ames acknowledges—even predicts—that the ORP would likely retain its internal rules as they currently exist. This concession is fatal to his attempt to show redressability. Thus, Ames does not have standing to challenge § 3517.03 because he has not alleged a redressable injury.

Our holding is consistent with other federal courts that have rejected similar challenges to state political party statutes on standing grounds. The Fourth Circuit in *Marshall* dismissed a First Amendment claim by two members of the Virginia Republican Party to vindicate their preference for a closed primary after the party held an open primary in compliance with both its internal rule and a state statute requiring open primaries. 105 F.3d at 905–06. The court held that the plaintiffs lacked standing because they did not provide any indication "that the Virginia Republican Party would have a 'closed' primary in the absence of the [governing state law]." *Id.* at 906. The same is true here. *See also, e.g.*, *Charlestown Democratic Town Comm. v. Connell*, 789 F. Supp. 517, 525 (D.R.I. 1992) ("If the Court were to strike down these statutes, the provisions would still remain in place under the . . . party by-laws. Federal Courts should not engage in this sort of pointless activity.").

Ames relies on *San Francisco County Democratic Central Committee v. Eu*, arguing that the Ninth Circuit allows party members to stand in the shoes of their political parties and raise any challenges that the party could make, thereby bypassing the requirement that individual members of the committee themselves needed to have standing. 826 F.2d 814 (9th Cir. 1987), *aff'd*, 489 U.S. 214 (1989). But Ames overstates *Eu*'s implications. *Eu* held that a political party need not adopt bylaws that conflict with state law before its members may challenge that law. *Id.* at 823. We agree that standing principles do not necessarily require party members to "make the empty gesture of passing rules that are void as a matter of law" to demonstrate standing. *Id.* Party-member plaintiffs, however, still must demonstrate a likelihood that the court could remedy their purported injury with a favorable decision. In *Eu* for example, the plaintiffs made that showing with uncontroverted affidavits from political party representatives that the parties would reform their central committees if the court invalidated the challenged statutory scheme. *Id.* at 824; *accord Miller v. Brown*, 462 F.3d 312, 318 (4th Cir. 2006) (finding standing to strike down the same open primary law at issue in *Marshall* because this time, the Virginia Republican Party expressed its preference for a closed primary). But here, Ames acts as a lone wolf. He offers no indication that the ORP would move to amend the gender and term-length rules but for § 3517.03. Ames's case fails at the pleading stage without any evidence that the ORP's central

committee rules would change with a favorable decision, as his redressability burden requires.[1] That deprives Ames of standing and us of jurisdiction.

### III. Conclusion

We AFFIRM the district court's dismissal of Ames's complaint for lack of standing.

---

[1]Ames complains that he did not have "the opportunity to take depositions" or "conduct discovery" on whether the ORP would change its rules in the absence of § 3517.03. But Ames never requested jurisdictional discovery in an effort to satisfy his redressability burden, and any challenge he now raises to this lack of discovery is forfeited. *See Bannister v. Knox Cnty. Bd. of Educ.*, 49 F.4th 1000, 1011 (6th Cir. 2022).